IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Criminal No. 3:20-cr-104 |
| | ) | |
| v. | ) | RESPONSE IN OPPOSITION TO |
| | ) | MOTION TO REOPEN |
| ANTONIO WARFIELD, | ) | DETENTION HEARING |
| | ) | |
| Defendant. | ) | |

The United States of America, in the Southern District of Iowa, by and through the United States Attorney for the Southern District of Iowa and his Assistant United States Attorney Clifford R. Cronk III responds in opposition to the defendant's motion to reopen the detention hearing. As grounds for its opposition the undersigned states the following:

## I. Procedural Background[1]

On October 8, 2020, Defendant Warfield was charged by indictment with being a felon in possession of a firearm. (Dkt. ##1, 2) On April 15, 2021, Defendant's initial appearance was held before U.S. Magistrate Judge Stephen B. Jackson, Jr.; the Government moved to detain the defendant as both a risk of flight and a danger to the community. (Dkt. # 6) A detention hearing was scheduled for and held on April 20, 2021. (Dkt. #16) After hearing testimony and considering the Pre-trial Services report, the Court ordered Defendant be detained. (Hg. Tr. 37-38; Dkt. # 17) Defendant appealed but later withdrew the appeal. (Dkt. ## 19, 24)

---

1 In this pleading, references to court activity are to "Dkt. Followed by # and the docket number; references to the detention hearing transcript are to "Hg.Tr." followed by the page number; and references to the Pre-trial Services Report are to "PTSR" followed by the page number.

1

The instant motion to re-open the detention hearing was filed on August 30, 2021. (Dkt. #28)

## II. The Detention Hearing

### A. Testimony

The Government called Detective Joel Griffin of the Davenport Police Department as a witness. Detective Griffin testified that Defendant was arrested in October of 2019 by Davenport Police after a loaded, semi-automatic pistol was found right next to him in the vehicle he was driving.[2] (Hg.Tr. 5) Defendant was the only person in the vehicle at the time. (Hg.Tr. 5) Defendant had been observed on September 9, 2019 with a pistol and driving the same car he was driving in October of 2019. (Hg.Tr. 14, 15) Defendant had been charged previously with being a felon in possession of a firearm. (Hg.Tr. 13)

Detective Griffin also described that later, in April of 2020, a trooper with the Iowa State Patrol stopped a vehicle in Scott Cunty; the vehicle was owned by Ms. Sadie Jackson but driven by Alona Basaraba. (Hg.Tr. 7, 10, 12) Ms. Basaraba was driving 94 miles per hour on I-80 which was 24 miles per hour over the speed limit. (Hg.Tr. 7) Defendant was a passenger in the vehicle and was found to have marijuana. *Id.* Ms. Basaraba knew the Defendant had marijuana. (Hg.Tr. 7) Ms. Basaraba and the defendant claimed they were going to Chicago. (Hg.Tr. 10)

Defendant received a citation and failed to appear as directed on the citation; a

---

[2] During cross-examination, defense counsel asked Detective Griffin "how did law enforcement encounter that vehicle" on October 22, 2019. (Hg. Tr. 12) He responded: "Davenport police knew he was wanted . . . when they developed their probable cause for a traffic stop and stopped him." *Id.*

warrant was issued for his arrest. (Hg.Tr. 9) Thereafter, in April of 2021, Defendant was arrested at the Scott County Courthouse when he showed up on the marijuana charge. (Hg.Tr. 9, 13 ) Ms. Basaraba brought him to the courthouse that day. (Hg.Tr. 9)

Defendant proposed Sadie Jackson as a third-party custodian and called her as a witness. (Hg.Tr. 17) Ms. Jackson stated she met the defendant through his cousin and then said she "could say" they are "in a relationship." (Hg.Tr. 18) Ms. Jackson said if released Defendant could live with her at "[her] residence" in Des Moines, Iowa; a residence in the 1100 block of Amos Avenue.[3] (Hg.Tr. 18) Defense counsel asked if the defendant would "have his own place within that residence," Ms. Jackson said that he can. (Hg. Tr. 18) Ms. Jackson has never been in trouble with the law. (Hg. Tr. 18)

### B. The Pre-Trial Services Report[4]

The information provided by Defendant to the Pre-trial Services Officer was not verified because attempts to contact anyone from defendant's family were unsuccessful. Defendant admitted daily illegal drug use but denied needing drug treatment. Defendant denied a history of employment and denied attending high school. He claimed income of $2200 a month and that he worked at Hampton Inn in Des Moines for 11 months. His reported expenses ($4,300 a month) far exceed his stated income. (PTSR p. 2) Defendant claimed to own the residence in the 1100 block of Amos Avenue in Des Moines, Iowa

---

3 The Pretrial Services Report identified this location as Defendant's residence and that the defendant claimed he owned it. (PTSR p. 1)

4 The Government seeks to highlight portions of the Pre-trial Services Report and is not purporting to comment on the entire report.

which Ms. Jackson identified as her residence.

The Pre-Trial Services Report included Defendant's extensive criminal history including arrests, failures to appear, parole revocations, and convictions in Chicago, Minnesota, and Iowa. Defendant's history included arrests in 1996 and 1997 for controlled substance offenses for which probation was "terminated unsatisfactorily" in 1998 (PTSR p. 3) In 1999, a new arrest for a controlled substance offense resulted in incarceration. (PTSR p. 3) Just a few months later in 1999, Defendant was arrested for more drug offenses which remained open until 2003; two months after that 1999 arrest Defendant was arrested for a felony involving a stolen vehicle and, in 2000, was sentenced to 6 years in the Illinois Department of Corrections. (PTSR p. 4) In May of 2000, Defendant was charged with Domestic Battery, was found guilty, and was granted 2 years conditional discharge that was terminated unsatisfactorily in 2001. (PTSR p. 4) In late 2000, Defendant was arrested for Armed Violence, a felony drug offense, and aggravated weapons offenses; he failed to appear and was later convicted of two separate charges of Aggravated Unlawful Use of a weapon. (PTSR pp. 4 & 5) In February of 2003, Defendant was paroled but was returned to custody in September of 2004 after a series of arrests for extremely serious violent offenses. (PTSR p. 6) In 2005, Defendant was convicted of Aggravated Assault received probation which was terminated unsatisfactorily in 2007. (PTSR p. 6). In October of 2006, in Minnesota, Defendant was convicted of conspiracy involving 100 grams of heroin and was sentenced to 84 months in prison. (PTSR p. 6) In 2014, Defendant was convicted of two counts of Aggravated Battery of a Peace Officer/

Correctional Employee/Firefighter. (PTSR p. 7) On November 24, 2013, Defendant was arrested for Aggravated discharge of a firearm, Attempted Murder, Reckless discharge of a firearm, Felon in Possession of a firearm, Aggravated Unlawful Use of a Weapon/Vehicle and Aggravated Unlawful Use of a Weapon. (PTSR p. 7) In those matters, on September 20, 2016, Defendant was convicted of Felon in Possession of a Firearm and Reckless discharge of a firearm. (PTSR p. 7) Defendant was paroled on November 9, 2016 but he violated parole and was returned to custody on September 27, 2018. (PTSR p. 7) Five days before he was returned to custody on the prior felony convictions, while still on parole, Defendant was found guilty in Illinois of possession of a controlled substance. (PTSR p. 7) In 2018, Defendant was driving around Scott County, Iowa without a valid driver's license and by the Summer of 2019, Defendant was charged with burglary, assault, and robbery. (PTSR pp. 7 & 8) Defendant posted bond on September 16, 2019 was arrested again on October 23, 2019 and posted bond the following day. (PTSR p. 8) On July 26, 2019, Defendant was charged in Scott County, Iowa with two counts of criminal mischief, an arrest warrant was served for this offense on October 23, 2019; that case was pending at the time of the detention hearing. (PTSR p. 8) On February 29, 2020, Defendant was cited in Scott County, Iowa for driving without a license. (PTSR p. 8) On April of 2020, Defendant was charged with possession of marijuana in Scott County, a warrant was issued for his arrest in April of 2021, and it was served on April 14, 2021. (PTSR p. 8)

At the time of the detention hearing, the Pre-trial Service Report indicated the

Scott County robbery, burglary, and assault charges from July and August of 2019 had been either "not filed" or were dismissed. (PTSR p. 8)

Pre-Trial Services recommended detention listing a number of factors supporting the conclusion that there are no conditions or combination of conditions that would reasonably assure the safety of the community and the appearance of the defendant. (PTSR p. 9)

### C. Court's ruling

When issuing its ruling, the Court recounted the four factors it was considering including Defendant's history and characteristics. (Hg.Tr. 33) The Court found the crime to be serious and the weight of the evidence is strong. (Hg.Tr. 34-35) In reviewing Defendant's history and characteristics, the Court noted "numerous and significant and violent criminal charges and disposition of those charges." (Hg.Tr. 36) The Court noted that his time in federal prison is the only time Defendant was not being arrested with regularity and that Defendant was "charged" with other serious crimes.[5]

The Court found that the defendant's proposed third-party custodian was "very suitable" but "this case is just not appropriate for release with a third-party custodian." (Hg.Tr. 37) It further found "the nature and seriousness and danger to others in the community cannot be abated with reasonabl[e] conditions." (Hg.Tr. 37-38)

---

5 The Court concluded, based on the record, that Defendant was arrested on warrants issued in pending cases, Defendant was "found with a weapon in this case." (Hg. Tr. 37) This conclusion was supported by the record. Defendant put on evidence at the detention hearing but did not address this issue. Nor did Defendant correct the court concerning this conclusion.

**III.     The Defendant's Motion to Reopen**

Defendant seeks to re-open the issue of detention claiming new information that is material to the issues. The new information is "the disposition of two cases from the Iowa District Court" and the proposal of a different third-party custodian. Concerning the disposition of the two cases, Defendant concedes that he has now been convicted of Assault causing bodily injury in connection with the two "not filed" cases. (PTSR p. 8; Defendant's Exhs. H & I)

Defendant's proposed "new" third party custodian is Alona Basaraba. Defendant identifies her as a hotel manager who is not a potential witness in this case. Defendant argues that Ms. Basaraba is a "more suitable" third-party custodian.   Defendant admits that Ms. Basaraba was the driver of a car with Defendant in April of 2020 (in Scott County) when Defendant was charged with possession of marijuana. Defendant has not proposed a release plan.

Defendant argues that the Court relied upon inaccurate information when deciding the issue of detention. Defendant presents several exhibits from the Iowa criminal case filings that Defendant describes as "the relevant documents." The documents include court filings appearing to show that by October 22, 2019 Defendant had posted bond in Cedar County before he was arrested with a gun in October of 2019. He argues "there were no valid arrest warrants in those two cases" when he was stopped by police on October 22, 2019.

## IV. Authorities

Title 18, United States Code, Section 3142(f) provides that a detention hearing:

"may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

In other words, to reopen a detention hearing a defendant must, first, 'present [ ] information that was not known or available to him at the time of his original detention hearing,' and then, second, show that such information 'is material to and has a substantial bearing on whether he should remain detained.' " *United States v. Petters*, No. 08-364 (RHK/AJB), 2009 WL 205188, at *2 (D. Minn. Jan. 28, 2009) (quoting *United States v. Archambault*, 240 F. Supp. 2d 1082, 1084 (D.S.D. 2002)); *accord United States v. Havens*, 487 F.Supp.2d 335, 339 (W.D.N.Y.2007); *United States v. Alonso*, 832 F.Supp. 503, 504-05 (D.P.R.1993). Courts have interpreted this provision strictly, holding that a detention hearing should not be reopened if the information was available at the time of the initial hearing. *United States v. Bothra*, No. 19-1953, 2019 WL 8883664, at *1 (6th Cir. Nov. 5, 2019) (not reported in Federal Reporter) ("information is not new if it could have been presented at the previous hearing."); *United States v. Ward*, 63 F.Supp.2d 1203, 1206-07 (C.D. Cal. 1999); *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991)(affirming decision to deny a second evidentiary detention hearing); *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989).

The Government submits that the information provided by Defendant in his motion to reopen the detention issue is not information not known by him at the time of the detention hearing nor does it have a material bearing on the issue of detention.

**A. Ms. Basaraba was known to defendant and available at the time of the initial hearing and Ms. Basaraba is not a "more suitable" third party custodian.**

Defendant's motion does not meet the criteria for reopening the detention issue. First, at the time of the detention hearing, Defendant did put forth a possible third-party custodian. It is unclear why Ms. Basaraba was not proposed as a third-party custodian at the original hearing or what prevented the defendant from proposing her at that time. Defendant fails to set forth any reason why the proposed option was not and could not have been raised at the time of the detention hearing.

Based upon the record, Ms. Basaraba was known to Defendant more than a year before his arrest in this case; Ms. Jackson described her as Defendant's friend.6 (Hg.Tr. 7, 9, 20) Defendant does not claim otherwise. It is clear that Ms. Basaraba was a potential third-party custodian known to Defendant at the time he was arrested in this case. *See United States v. Martin*, 2015 WL 3464937, at *3 (N.D. Cal. May 29, 2015) (Defendant had sufficient time to ascertain his sureties prior to his detention hearing and failed to do so – motion to reopen detention hearing denied).

In addition, Defendant has failed to show that her availability now is material to

---

6 The Government believes Ms. Basaraba was a manager at the Hampton Inn when defendant worked there.

and has a substantial bearing on whether Defendant should be detained.[7] Her status as a hotel manager and "not a potential witness" hardly makes her a "more suitable" third-party custodian than Ms. Jackson.[8] This is true especially given the evidence that in April of 2020 Ms. Basdaraba was stopped in Scott County driving 94 miles an hour on the interstate heading to Chicago with the defendant smoking marijuana in the car.

Importantly, the Court has found this is not a case where a third-party custodian is appropriate. Given that finding, Ms. Basaraba's availability as a third-party custodian is not material to the issue whether there are conditions of release that will reasonably assure Defendant's appearance and the safety of any other person and the community as required by law.

### B. The status of the Scott County cases was known to the defendant at the time of the detention hearing

In his motion, Defendant suggests that the joinder of the two pending criminal cases was not known to him at the time of the detention hearing. But, the Pretrial Services Report (provided to Defendant before the hearing) shows that the cases were combined on April 10, 2020. Defendant's exhibits confirm what was already known: that the two cases involving burglary, robbery, and assault were joined on April 10, 2020. (Def's Exh.

---

[7] Defendant alleges that the Court was mistaken when it concluded Defendant was arrested with a gun after warrants were issued in those other two cases. But the Pretrial Services Report and the Scott County District Court files show that warrants were issued and later served on October 23, 2019. Defendant's Exhibit E confirms that there were active warrants in Scott County because the officials in Cedar County did not advise authorities in Scott County that Defendant had posted bond. In any event, this is not material as it is clear this was a probable cause arrest. (Hg. Tr. 12)

[8] The Government does not concede that Ms. Basaraba is not a potential witness in this case. The trial in this case is nearly two months away and no evidentiary issues have been decided.

G) That's more than a year before Defendant was arrested on the federal charge in this case. So, it is not new information, or information not known to the Defendant, at the time of the hearing.

More importantly, additional relevant documents from the Iowa cases show that the guilty pleas to two counts of assault by Defendant were entered on April 14, 2021, six days before the detention hearing in this case. A memorandum of plea agreement and pleas of guilty both dated April 14, 2021, are attached to this response; they show that by the time of the detention hearing the written plea agreement had already been reached and that Defendant had entered guilty pleas to two counts of assault well before the detention hearing. (See attached Govt. Exhibits 1 & 2) Both pleadings are signed by the defendant. So, it is true that the Court was under the false impression that no charges were being pursued in connection with those cases, an impression the defendant could have corrected, but the cases resulted in assault convictions, not dismissals. That is not new information to the defendant.

It is clear that Defendant was aware that the charges were pursued and that he had already entered guilty pleas when, at the detention hearing, the Court was inquiring about the status of the case. That Defendant had already pleaded guilty to two counts of assault in a case the Court understood was not being pursued does not amount to "information . . . that has a material bearing on the issue" of detention. In fact, that Defendant was convicted of two counts of assault supports the Court's ruling and it does not, in any way, undermine it.

Lastly, whether Defendant was caught with a firearm when arrested on warrants or based upon probable cause is not material to the Court's determination. Evidence at the hearing showed Defendant was known to be wanted by Davenport police, was driving the same car he had been driving earlier, that the police developed probable cause to conduct a traffic stop, and they found Defendant in possession of a firearm. Thus, the Court was correct that serious charges were pending when Defendant was stopped in connection with this case. There was no allegation that Defendant had failed to appear in those cases. The basis for the stop and arrest was not an issue at the hearing – the status of the pending cases was an issue – it was asserted that they were "not filed." That Defendant had posted bond on those charges and later entered guilty pleas to assault causing bodily injury is not material to the Court's decision that Defendant poses an unmanageable risk of danger to the community.

WHEREFORE, the United States respectfully requests that this court deny the defendant's motion to reopen the detention hearing.

        Respectfully Submitted,

        Richard D. Westphal
        Acting United States Attorney

By:    /s/ *Clifford R. Cronk III*
        Clifford R. Cronk III
        Assistant United States Attorney
        United States Court House
        131 East 4th Street, Suite 310
        Davenport, IA   61201
        Tel: (563) 449-5432
        Email: cliff.cronk@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2021, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

_____U.S. Mail   _____ Fax   _____Hand Delivery
\_\_X\_\_\_\_ECF/Electronic filing   _____Other means

UNITED STATES ATTORNEY

By: /s/_____
    Clifford R. Cronk III
    Assistant U. S. Attorney