## IN THE IOWA DISTRICT COURT FOR SCOTT COUNTY

| STATE OF IOWA | CRIMINAL NO. FECR404167 |
|---|---|
| PLAINTIFF | MEMORANDUM OF PLEA AGREEMENT |
| VS. | |
| ANTONIO L. WARFIELD | |
| | I. R. Cr. P. 2.10 |
| DEFENDANT | |

COMES NOW The State of Iowa and Defendant, in the above captioned matter and, pursuant to Rule 2.10 of the Iowa Rules of Criminal Procedure, disclose the Plea Agreement, as set out hereafter:

1. **All filed or pending charges involved in the Agreement:**

   COUNT 1: ROBBERY 2ND DEGREE
   COUNT 2: BURGLARY 1ST DEGREE
   COUNT 3: BURGLARY 3RD DEGREE - MOTOR VEHICLE
   COUNT 4: ASSAULT CAUSING BODILY INJURY
   COUNT 5: ASSAULT CAUSING BODILY INJURY

2. **All charging concessions part of the Agreement:**
   The defendant will plead guilty as charged to Counts 4 and 5. Counts 1, 2 and 3 will be dismissed at sentencing.

3. **All sentencing concessions part of the Agreement:**
   a) The State will recommend a 120 day sentence on both counts with all but 15 days suspended. The sentences will run consecutive to each other. The defendant will agree to be subject to sentencing no contact orders to protect the victim in each count.
   b) The defendant will be responsible for payment of all Category "A" restitution as defined in § 910.1(01).
   c) The defendant will be presumed responsible for payment of all Category "B" restitution as defined in § 910.1(001), unless a finding is made by the Court upon request of the defendant to find him/her reasonably unable to make payments regarding some or all of Category "B" restitution. Any such request to the Court would be subject to the rules and requirements of § 910.2A. The defendant is additionally noticed that failure to request reduction or waiver of Category "B" restitution within 30 days of the entry of judgment constitutes a permanent waiver of the right to request a finding of reasonable ability to pay under § 910.2A(3).



GOVERNMENT EXHIBIT
1

4. **Special Conditions of the Agreement:**

Should Defendant have a criminal history more extensive than that revealed in the pleadings, Defendant violates the law or is arrested for further offenses, this agreement is voidable by the State. The State may withdraw any recommendation previously agreed to and the State may reinstate all charges covered by this agreement. In this event the Defendant would be allowed to withdraw the guilty plea.

The State may withdraw its recommendation and the defendant may not withdraw the guilty plea under the following circumstances:

1. Defendant violates terms of release.

2. Defendant fails to cooperate with Correctional Services in preparing the P.S.I.

3. Defendant fails to appear where and as required.

4. Defendant is found to have violated a no contact order after the plea.

5. Defendant fails to abide by this agreement.

Under the circumstances in 1 - 5, the sentencing Court may sentence Defendant to a less favorable disposition than provided for in this memorandum of plea agreement.

6. **Concurrence of the Court to this Agreement is a condition to the acceptance of the plea.**

DEFENDANT

Julie A. Walton
Assistant County Attorney
400 West Fourth Street
Davenport, Iowa 52801
563-326-8600
Julie.Walton@scottcountyiowa.gov

I have advised the Defendant of all particulars set out above and of the consequences thereof.

JOHN MOELLER
ATTORNEY FOR DEFENDANT