# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA

| UNITED STATE OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | CASE NO. 3:20-cr-104 |
| vs. | ) | **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION ORDER** |
| ANTONIO LASHAWN WARFIELD, | ) | |
| Defendant, | ) | |

Antonio Lashawn Warfield ("Defendant") seeks review of his detention status. He has been indicted on one count – felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Dkt. 2. At his initial appearance, the government moved for detention. Dkt. 12. After a detention hearing on April 20, 2021, Defendant was ordered detained. Dkts. 16, 17. Defendant filed an Appeal of Detention Order on May 4, 2021. Dkt. 19. The government did not file a response. Defendant subsequently filed a Motion to Dismiss Appeal of Order of Detention on July 8, 2021. Dkt. 24. District Judge Stephanie M. Rose entered an order granting Defendant's motion to dismiss the appeal on July 8, 2021. Dkt. 25.

On August 30, 2021, Defendant filed a Motion for Reconsideration of Detention Order, requesting the court reopen the detention hearing and for him to be released. Dkt. 28. Because the government did not respond to Defendant's motion within the time as required by Local Criminal Rule 47[1], the Court ordered the government to respond on or before September 13, 2021. Dkt. 29. The government filed its response in opposition to Defendant's motion on September 13, 2021. Dkt. 30.

---

[1] The original deadline for the government to respond was September 7, 2021. Dkt. 29.

In his motion, Defendant requests his detention hearing be reopened based on new information. Dkt. 28 p. 1. Defendant proposes a new third-party custodian. *Id.* pp. 2-4. Defendant also provides updated information regarding the status of two criminal cases from the Iowa District Court for Scott County pending against Defendant at the time of the alleged acts in this case. Dkt. 28 pp. 1-3. Defendant's motion contains one exhibit – court documents from the Iowa District Court for Scott County for Case Number FECR403376 and FECR404167. Dkt. 28-1.

In its response to Defendant's motion, the government contends the new information cited by Defendant as material to the issue of detention was known to Defendant at the time of the detention hearing thereby precluding reopening the detention hearing according to the requirements set forth in 18 U.S.C. § 3142(f)(2). Dkt. 30 pp. 9-11. In addition, the proposed third-party custodian, Ms. Basaraba, is not a "more suitable". *Id*. p. 10. Further, Defendant knew about the status of the Scott County cases at the detention hearing and did not provide that information on the record. *Id*. pp. 7-12. The government's motion contains two exhibits – Government's Exhibit 1 – Memorandum of Plea Agreement Criminal No. FECR404167 and Government's Exhibit 2 – Plea of Guilty to Counts 4 & 5 Criminal No. FECR404167. Dkts. 30-1, 30-2.

The Court considers the matter to be fully submitted. In connection with its ruling, the Court has carefully considered, and reviewed Defendant's motions and the government's response previously listed above, the pretrial services report, the evidence and presentations from the April 20, 2021 detention hearing, the transcript of the detention hearing as well as all relevant docket entries herein. In the opinion of the Court, oral argument is not necessary. L.R. 7(c). As set forth below, the Court denies Defendant's motion and orders Defendant remain detained in the custody of the U.S. Marshal.

18 U.S.C. § 3142(f)(2) informs a detention hearing may be reopened "at any time before

trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." The Court acknowledges Defendant is entitled to the presumption of innocence.

At the detention hearing on April 20, 2021, the Court noted there is no presumption in favor of detention in this case. Hg. Tr. 33. The Court found by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. Dkt. 17 p. 2. Further, the Court found by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance as required. *Id*. The factors listed in 18 U.S.C. § 3142(g) guide the Court's decision. The following factors were specifically cited in the detention order as supporting detention:

> Nature and circumstances of the offense charged,
> Weight of evidence against the defendant is strong,
> Prior criminal history,
> Participation in criminal activity while on probation, parole or supervision,
> History of violence or use of weapons,
> Prior failure to appear in court as ordered,
> Use of alias(es) or false documents,
> Prior violations of probation, parole, or supervised release and
> Lack of release plan that provides for adequate supervision.

*Id*. p. 2. Specifically, although the Court found the proposed third-party custodian Ms. Jackson to be strong and credible, the Court also found "this does not mitigate the supervision concerns the Court has based on [Defendant's] consistent, violent and pervasive criminal activity." Dkt. 17 p. 3.

While the information regarding the new potential third-party custodian and the status of the two Scott County cases is different information than what was presented at the detention hearing, all of this was available to Defendant at the time of the detention hearing. Specifically, Defendant knew Ms. Basaraba before the detention hearing in April, 2021. In addition, because the information he presented on the two Scott County charges concerning arrest warrants/posting bond occurred prior to the detention hearing, Defendant was necessarily aware of this information as well. Regardless, even if this information was not known to him at the time of the hearing, it does not have a material bearing on the issue of whether there are conditions of release to reasonably assure the appearance of Defendant as required and the safety of any other person and the community.

Regarding the new proposed third-party custodian, the Court does not find Ms. Basaraba to be a "more suitable" option. The fact she is not a potential witness does not change the Court's ruling. Indeed, both parties acknowledge Ms. Basaraba drove a vehicle in which Defendant was a passenger and was stopped by law enforcement in April 2020, going 94 miles an hour on the interstate headed to Chicago which resulted in a possession of marijuana charge for Defendant. Dkt. 28 p. 4, Dkt. 30 p. 10. The Court did note Ms. Jackson was a very suitable third-party custodian. However, in making its detention determination, the Court focused on this case as a whole finding it was the nature of this case and Defendant's history, not the individual proposed as a third-party custodian that mandated detention.

Defendant also contends the exhibit he provided shows there were no valid arrest warrants in the two cases from Scott County. At the hearing, the Court recited Defendant's criminal history and concluded with "[t]hen on warrants issued in those cases, he's arrested and found with a weapon in this case." Hg. Tr. 37. While the Court acknowledges the information in Defendant's

exhibit could lead one to the conclusion there were no valid arrest warrants for the two Scott County cases, Defendant's exhibit does not meet the requirement in 18 U.S.C. § 3142(f)(2) to reopen a detention hearing as it does not have a material bearing on the question of detention. First, this information is contained in the pretrial services report which the Court had at the detention hearing. Dkt. 15 p. 8. Next, Defendant's exhibit *clarifies* Defendant posted bond on the two Scott County cases in Cedar County before he was arrested for the weapon charge in this case in October of 2019. While the Court and the parties did engage in discussion regarding the outcome of the two Scott County cases, the point of this dialogue was only one part of a larger discussion highlighting the Court's primary concern about the two Scott County cases – namely, Defendant had other pending charges and then obtained a new weapon charge, demonstrating his "consistent, violent and pervasive criminal activity." Dkt. 17 p. 3.

In summary, nothing in Defendant's motion has a material bearing on the issue of detention nor changes the findings from the detention hearing. As the Court found at the detention hearing, "this case is just not appropriate for release with a third-party custodian." Hg. Tr. 37. This remains true. As the Court explained at the detention hearing, Defendant has a significant criminal history, including controlled substance violations and weapons charges, "since release from federal prison in 2013, [Defendant] has continued with a criminal history involving convictions and charges for assaults, illegally possessing weapons, burglary, robbery and controlled substance violations, up to the conduct leading to the current charge." Dkt. 17 p. 3.

Based on the record presented and considering the factors set forth in 18 U.S.C. § 3142(g), the Court previously concluded Defendant must be detained pending trial because the government had proven by clear and convincing evidence no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. Dkt. 17 p. 2. For the

reasons set forth above, the Court continues to hold to its prior ruling. The detention hearing will not be reopened as Defendant has not met the requirements of 18 U.S.C. § 3142(f)(2).

**IT IS SO ORDERED.**

**DATED** this 22 day of September, 2021.

                                                        STEPHEN B. JACKSON, JR.
                                             UNITED STATES MAGISTRATE JUDGE