IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
(DAVENPORT DIVISION)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ANTONIO LASHAWN WARFIELD,<br><br>    Defendant. | No. 3:20-CR-00104<br><br>**SENTENCING MEMORANDUM** |

The undersigned submits this Sentencing Memorandum on behalf of the Defendant, Antonio Lashawn Warfield, in support of his positions on sentencing issues to be resolved at the time of his sentencing hearing.

## TABLE OF CONTENTS

**SENTENCING ISSUES** ............................................................................... 2

**WITNESSES** .............................................................................................. 2

**EXHIBITS** ................................................................................................. 2

**BACKGROUND** ....................................................................................... 3

**I.    WHETHER THE DEFENDANT SHOULD RECEIVE A FOUR-LEVEL ENHANCEMENT PURSUANT TO USSG § 2K2.1(b)(6)(B)**………………………………………………………..5

**II.    WHETHER THE COURT SHOULD VARY FROM THE GUIDELINES BASED UPON 3553(A) FACTORS** ………………6

 **CONCLUSION**……………………………………………………………..7

## SENTENCING ISSUES:

I. Whether The Defendant Should Receive A Four-Level Enhancement Pursuant To USSG § 2k2.1(B)(6)(B)

II. Whether the Court should vary from the guidelines based upon 3553(a) considerations

## WITNESSES

Mr. Warfield does not anticipate calling any witnesses at the time of sentencing; if a witness is called it will be on the issue of 3553(a) factors.

## EXHIBITS

Prior to sentencing the Defendant may submit letters written on the Defendant's behalf for the Court's consideration.

## BACKGROUND

The defendant withdraws his previously made factual objection to the enhancement pursuant to USSG § 2K2.1(b)(6)(B) other than the defendant does not stipulate the events on September 19, 2019 were part of the same course of conduct. In other words Warfield maintains his legal objections concerning the applicability of the enhancement.

The Government indicted Antonio Warfield in a single count indictment on October 8, 2020 which charged the Defendant with Possession of a Firearm in violation of 19 U.S.C. §§ 922(g)(1), and 924.(a)(2). Mr. Warfield has been in

custody since that time.

The defendant was stopped for having windows which were tinted too darkly on October 22, 2019. (PSR ¶ 18). Following the stop officer's smelled the odor of marijuana and searched the defendant's vehicle. (PSR ¶ 19). Warfield was also found to have warrants for his arrest. (PSR ¶ 18). The defendant's vehicle was subsequently searched the vehicle pursuant to the automobile exception to the warrant requirement. (PSR ¶ 24). During said search law enforcement found a firearm behind the carpeting of the console next to the driver's seat. (PSR ¶ 24).

More than 30 days prior to the possession in the indictment a "concerned citizen in Davenport, Iowa" called 9-1-1 to report Warfield was at a location in Davenport "with a small black pistol and was threatening to shoot people." Davenport police were dispatched and took a report of the incident. (PSR ¶ 17). This incident weeks prior to the possession at issue here is identified as supporting a four-level enhancement pursuant to USSG §2k2.1(b)(6)(B).

Antonio is 39 years old having been born in Chicago on April 29, 1983. (PSR ¶ 79). The defendant's early childhood was marred by domestic violence. (PSR ¶ 79). His father was a member of the Black P Stone gang and was addicted to drugs. (PSR ¶ 82). Defendant grew up in a "rough" environment, living in Chicago's projects and having to learn to fight to survive. (PSR ¶ 79).

Features of poverty were the norm. The defendant's family lacked basic necessities such as secure sources for food and clothing. (PSR ¶ 79). The defendant's mother was often gone as she attempted to provide for her family's needs. (PSR ¶ 79). "The defendant learned how to keep his 'head above water' and make a living from 'friends in the streets.'" (PSR ¶ 79). The defendant does maintain a strong relationship with his mother, Beatrice, and she is supportive of the defendant. (PSR ¶ 83).

In addition to his mother, Antonio is in a significant and stable relationship with Sadie Jackson. (PSR ¶ 91). Sadie is employed as a schoolteacher and works part time at the Des Moines airport. (PSR ¶ 91). Sadie and the defendant communicate daily. (PSR ¶ 91).

Defendant has a 15-year-old son residing in Blue Island, Illinois. Antonio has a strong relationship with his son, and they regularly communicate with one another speaking nearly daily. (PSR ¶ 92(a)).

The defendant's education was stunted largely due to his family's desperate financial situation. (PSR ¶ 107).

## ARGUMENT

**II. WHETHER THE DEFENDANT SHOULD RECEIVE A FOUR-LEVEL ENHANCEMENT PURSUANT TO USSG § 2K2.1(b)(6)(B)**

Warfield has objected to the imposition of this 4-level enhancement on legal grounds. Whether the 4-level enhancement of USSG 2K2.1(b)(6)(B) is draws on both the guidelines for firearms offenses in § 2k1.1 and principles of "relevant conduct" in guideline § 1B1.3.

In considering whether to apply the enhancement "the court must consider the relationship between the instant offense and the other offense, consistent with relevant conduct principles." USSG § 2k2.1 comment. (n.14(E)).

Pursuant to standards of relevant conduct the defendant is accountable for his "acts and omissions…that were part of the same course of conduct or common scheme or plan as the offense of conviction." *Id.* § 1B1.3(a)(2).

The 8th Circuit has long held the felony offense supporting the enhancement at issue may have occurred at a time and place distinct from the offense of conviction. *See United States v. Davis*, 360 F.3d 901, 903 (8th Cir. 2004). Offenses separated by such duration do, however, need to be part of the same course of conduct; stated differently the display of a firearm in September must be part of the same course of conduct as the possession of a firearm in October.

*U.S. v. Paul,* 932 F.3d 1163 (8th Cir. 2019) is instructive on this issue. In *Paul* the defendant appealed his 48 month sentence. *Id.* at 1164. Paul was indicted based upon his possession of a firearm on May 9, 2017. *Id.* In the preceding

months (January and March) Paul had engaged in two distinct incidents of domestic violence. During each domestic assault Paul displayed a firearm to his domestic partner.

*Paul* applied principles of relevant conduct and stated the trial court must "consider 'the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses. When one of the above factors is absent, a stronger presence of at least one of the other factors is required." *Id.* at 1165 citing USSG § 1B1.3, comment. (n.5(B)(ii)).[1]

Here the defendant's guideline should be established 17 with a criminal history category VI leaving a range of 51-63 months.

### III. WHETHER THE COURT SHOULD VARY FROM THE GUIDELINES BASED UPON 3553(A) FACTORS

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996).

Here there are several factors supporting a variance from the guidelines.

---

[1] Defendant notes the commentary does define possession of the same firearm on two different dates being necessarily part of a common scheme or plan. Defendant asserts there is insufficient evidence based upon the descriptions provided to determine it is the same firearm by a preponderance of evidence. Thus the Court must analyze whether the September 9th and October 22nd incidents were not part of a common scheme or plan.

The factors include the increasing number of positive relationships he has surrounded himself with close family and a partner who is a positive social influence.  The defendant will further increase his education, and training including substance abuse counseling and/or treatment within the Bureau of Prisons and enhance his likelihood for success.

WHEREFORE, Defendant prays this Court sentence him to a period of incarceration that is 64 months or less.   The Defendant may request that the Court make a recommendation for the Bureau of Prisons to a particular institution(s) at the time of sentencing.

Respectfully submitted,

/s/ *Eric D. Tindal*  
Eric D. Tindal  
Keegan Tindal & Jaeger  
103 East College Street, Suite 312  
Iowa City, IA 52240  
Phone: (319) 887-6900  
Fax: (319) 668-2754  
eric@keeganlegal.com  
ATTORNEY FOR DEFENDANT

**The undersigned hereby certifies that a true copy of the foregoing instrument was served upon each of the attorneys of record of all of the parties, or upon pro se parties, to the above-entitled cause by:**
☐ **U.S. Mail**   ☐ **Fax**    ☐ **Hand Delivered**   ☐ **Overnight Courier**   X **CM-ECF**

_____/s/ Eric D. Tindal_____(Date)__9__/___23____/____2022_____